UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CEDRIC D. THRASH, as Parent, Natural Guardian, and Next Best Friend of T.T., a Minor,<br>　　Plaintiff,<br><br>v.<br><br>WILLIAM SMYTH and BRENDA SMYTH,<br>　　Defendants. | C.A. No. 20-cv-319-JJM-PAS |

## ORDER

The father of a minor ("Minor") who was severely injured in a fire in the Minor's grandparents' home, sues on his son's behalf against the homeowners alleging negligence and asserting diversity jurisdiction under 28 U.S.C. § 1332. The Defendants have filed a Motion for Summary Judgment claiming that the Minor is a citizen of Rhode Island as are the Defendants, and therefore there is no diversity of citizenship. ECF No. 17. The Plaintiff counters that the Minor was living with him in Georgia when he filed the lawsuit and therefore, he was a citizen of Georgia for purposes of diversity jurisdiction.

It is the Plaintiff's burden to prove jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements."). The diversity jurisdiction statute states that "the legal representative of an infant . . . shall be deemed to be a citizen only of the same State as the infant . . ." 28 U.S.C. § 1332(c)(2). "For the purposes of diversity

jurisdiction . . . state citizenship is the equivalent of domicile." *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979) (citations omitted). Domicile requires two elements: "1) physical presence in a state, and 2) the intent to make such a state a home." *Rodriguez-Diaz v. Sierra-Martinez*, 853 F. 2d 1027, 1029 (1st Cir. 1988). It is the domicile at the time the plaintiff files suit that controls. *Id.* Ultimately, the determination is where the plaintiff "has his true, fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Id.*

A review of all the facts leads the Court to conclude that the Plaintiff has failed to prove that Georgia was the Minor's true, fixed home. Moreover, the evidence supports the conclusion that he was a citizen of Rhode Island for purposes of diversity jurisdiction.

The Minor was born in Rhode Island and was living with his parents in Rhode Island at the time of the fire. ECF No. 17-2 at 7. His parents divorced, and his father moved to Georgia. *Id.* at 8. The Minor's mother, a Rhode Island resident, had sole legal custody of the Minor. ECF No. 17-3.

While the Minor may have been in Georgia when the Plaintiff filed this lawsuit,[1] the Minor's 6-months in Georgia was temporary. The Minor returned to Rhode Island after a brief period of staying with his father in Georgia. ECF No. 17-2 at 11.

---

[1] This fact is in dispute. *Compare*, ECF No. 17-2 at 11 ("Q. . . . was [the Minor] living with you on July 1, 2020 down in Georgia? A. Yes, sir.") *with* ECF No. 21 at 5 ¶ 7 ("At the time of the filing of this lawsuit on July 23, 2020 the minor plaintiff was a resident of Westerly, Rhode Island . . .").

2

There is no evidence before the Court that the Minor was a citizen of Georgia when the Plaintiff filed the Complaint. While his father testified that the Minor "stayed with" him for about six months, that alone does not prove residency. There is no evidence in this record that Georgia was the intended permanent residence for the Minor.

Because the Plaintiff has failed in his burden to prove that this Court has subject matter jurisdiction over this dispute,[2] the Court GRANTS the Defendants' Motion for Summary Judgment. ECF No. 17.

IT IS SO ORDERED.

_/s/ John J. McConnell, Jr._
John J. McConnell, Jr.
Chief United States District Judge

August 26, 2021

---

[2] The Court notes that on March 26, 2021, the Plaintiff filed a similar lawsuit in state court against these Defendants. ECF No. 21 at 7-12. Rhode Island state court is the appropriate jurisdiction to resolve this dispute.